IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00886-BNB

TERRY CULP,

    Plaintiff,

v.

WARDEN SUSAN JONES,
CAPTAIN DENO WILLIAMS,
SARGENT JOSHUA ROBERTS,
LIEUTENANT HARRY CAMPBELL,
CO JOHN DOE (1), and
CO JOHN DOE (2),

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 22 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER DENYING PRELIMINARY INJUNCTION

---

This matter is before the Court on the motion for preliminary injunction that Plaintiff, Terry Culp, filed *pro se* with the Court on June 3, 2010. Mr. Culp is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Colorado State Penitentiary. In the motion for preliminary injunction, which is extremely difficult to read and nearly unintelligible, Mr. Culp complains about excessive force allegedly used by Defendants during a cell extraction that took place on February 13, 2010. He also asserts that Defendants have failed to investigate that incident and have retaliated against him for filing grievances. Mr. Culp seeks a preliminary injunction to force Defendants to investigate the February 13 cell extraction and to cease any alleged retaliation against him. Mr. Culp's amended complaint, filed on June 3, 2010, also contains allegations related to the February 13 cell extraction.

The Court must construe liberally the motion for a preliminary injunction because Mr. Culp is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Mr. Culp is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

Mr. Culp does not demonstrate a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the

opposing party, or that a preliminary injunction would not be adverse to the public interest. Therefore, the motion for a preliminary injunction will be denied. Accordingly, it is

ORDERED that the motion for preliminary injunction that Plaintiff, Terry Culp, filed with the Court on June 3, 2010, is denied.

DATED at Denver, Colorado, this  21st  day of   June  , 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00886-BNB

Terry Culp
Prisoner No. 137448
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 6/22/10

GREGORY C. LANGHAM, CLERK

By: _____
     Deputy Clerk