IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00886-BNB

TERRY CULP,

    Plaintiff,

v.

WARDEN SUSAN JONES,
CAPTAIN DENO WILLIAMS,
SARGENT JOSHUA ROBERTS,
LIEUTENANT HARRY CAMPBELL,
CO JOHN DOE (1), and
CO JOHN DOE (2),

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 28 2010

GREGORY C. LANGHAM
CLERK

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff, Terry Culp, is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Colorado State Penitentiary. Mr. Culp filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 asserting that his rights under the United States Constitution have been violated. He has been granted leave to proceed *in forma pauperis*.

On May 10, 2010, Magistrate Judge Boyd N. Boland determined that the Complaint was deficient for failure to allege the personal participation of all named Defendants, and ordered Mr. Culp to file an Amended Prisoner Complaint. Mr. Culp filed an Amended Prisoner Complaint on June 3, 2010.

The Court must construe the amended complaint liberally because Mr. Culp is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2 at 1110. However, the Court should not be an advocate for a ***pro se*** litigant. *See id.*

In the amended complaint, Mr. Culp asserts one claim. He alleges that on February 13, 2010, Defendants Deno Williams, John Doe 1 and John Doe 2 participated in, or directed, a cell extraction team that forcibly removed Plaintiff from his cell. Amended Complaint at 4. Mr. Culp complains that the cell extraction team sprayed him with a chemical agent that caused his skin to blister. *Id.* He further asserts that he was denied a "proper decontamination" to remove the chemical agent from his body, which resulted in additional pain and suffering. *Id.* Plaintiff asserts that Defendants used excessive force against him, in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff also appears to assert that Defendant Williams has threatened him, and retaliated against him, for filing grievances related to the February 13 incident. *Id.* at 5.

However, the Court notes that Mr. Culp is suing Defendants Warden Susan Jones, Sergeant Joshua Roberts and Lieutenant Harry Campbell because these Defendants allegedly are responsible for the constitutional violations committed by their

subordinates or employees, and because they failed to respond to administrative grievances filed by Mr. Culp. These allegations fail to establish the personal participation of Defendants Jones, Roberts and Campbell. Mr. Culp was previously warned by Magistrate Judge Boland that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

The Tenth Circuit, moreover, has repeatedly noted "that 'the denial of . . . grievances alone is insufficient to establish personal participation in the alleged constitutional violations'" of other defendants. *Whitington v. Ortiz*, 307 Fed. Appx. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished decision) (quoting *Larson v. Meek*, 240 Fed. Appx. 777, 780 (10th Cir. June 14, 2007) (unpublished decision)). Mr. Culp has failed to allege an affirmative link between the alleged constitutional violations and these Defendants. Because Mr. Culp fails to assert that Defendants Jones, Roberts and Campbell personally participated in violating his constitutional rights, Defendants Warden Susan Jones, Sergeant Joshua Roberts and Lieutenant Harry Campbell are improper parties to the action and will be dismissed.

The Court will not address at this time the merits of Mr. Culp's Eighth Amendment claims against the remaining Defendants. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that Defendants Warden Susan Jones, Sergeant Joshua Roberts and Lieutenant Harry Campbell are dismissed as parties to this action for lack of personal participation. The Clerk of the Court is instructed to remove Defendants Warden Susan Jones, Sergeant Joshua Roberts and Lieutenant Harry Campbell as named parties to the suit. The only remaining defendants are Captain Deno Williams, John Doe 1 and John Doe 2. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __25th__ day of __June__, 2010.

BY THE COURT:

_Christine M Arguello_
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00886-BNB

Terry Culp
Prisoner No. 137448
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 6/28/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk