IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00886-CMA-CBS

TERRY CULP,
    Plaintiff,
v.

CAPTAIN DENO WILLIAMS,
CO JOHN DOE (1), and
CO JOHN DOE (2),
    Defendants.
_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on Mr. Culp's filing entitled "Reconsideration" (filed February 28, 201) (Doc. # 72) (docketed by the Clerk of the Court as "Motion for Reconsideration re: Motion for Summary Judgment"). Pursuant to the Order of Reference dated July 13, 2010 (Doc. # 24) and the memorandum dated March 1, 2011 (Doc. # 73), this matter was referred to the Magistrate Judge.

    Mr. Culp asks for reconsideration of the court's decision to convert Defendant Williams' Motion to Dismiss to a Motion for Summary Judgment. Defendant Williams filed his Motion to Dismiss on September 7, 2010, raising the argument that Mr. Culp failed to exhaust his administrative remedies. (*See* Doc. # 38). Mr. Culp filed his Response to Defendant's Motion to Dismiss on October 1, 2010. (*See* doc. # 49). Both parties submitted documents beyond the Amended Prisoner Complaint. Defendant Williams filed his Reply on October 15, 2010. (*See* Doc. # 50). Mr. Culp filed his

1

"Reply" (actually a Surreply) on October 26, 2010.  (*See* Doc. # 52).

On January 26, 2011, Mr. Culp filed a Notice of Appeal from the non-final order of the Magistrate Judge converting Defendant's Motion to Dismiss to a Motion for Summary Judgment.  (*See* Doc. # 60).  On February 3, 2011, the Tenth Circuit Court of Appeals dismissed the appeal because, among other things, "the decision to convert the motion to dismiss to a motion for summary judgment is not a final judgment or otherwise immediately appealable."  (*See* Doc. # 65).

On February 9, 2011, Mr. Culp filed his Objection "to Magistrate Judge converting a motion to dismiss to a motion for summary judgment."  (*See* Doc. # 68). On February 14, 2011, District Judge Arguello overruled Mr. Culp's objection, stating that because "both parties submitted documents that were outside the four corners of the Complaint, . . . the Magistrate Judge correctly ruled that the Motion to Dismiss should be treated as a Motion for Summary Judgement."  (*See* Doc. # 69).

On February 28, 2011, Mr. Culp filed another "Objection" to the Motion for Summary Judgment "on grounds the motion is inappropriate."  (*See* Doc. # 71 (docketed by the Clerk of the Court as a further response to the Motion for Summary Judgment)).  Also on February 28, 2011, Mr. Culp filed the instant Motion "for a reconsideration in converting a motion to dismiss to a motion for summary judgment." 9*See* Doc. # 72).

Generally, when documents not attached to the complaint are submitted in regard to a motion to dismiss, the motion to dismiss is converted to a motion for summary judgment.  *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381,

1384 (10th Cir. 1997) ("A 12(b)(6) motion must be converted to a motion for summary judgment if 'matters outside the pleading are presented to and not excluded by the court.'").  Typically, if the court decides to convert a Rule 12(b) motion into a Rule 56 motion, it must provide the parties with notice to avoid unfair surprise. *See Nichols v. United States,* 796 F.2d 361, 364 (10th Cir.1986).  However, "when a party [references] material beyond the pleadings in support of or opposing a motion to dismiss, the prior action on the part of the parties puts them on notice that the judge may treat the motion as a Rule 56 motion." *Wheeler v. Main Hurdman,* 825 F.2d 257, 260 (10th Cir. 1987) (citation omitted).  Because both parties have attached such documents they were already on notice that the court may treat the Motion to Dismiss as a Motion for Summary Judgment even without giving formal notice of conversion.  *See Wheeler,* 825 F.2d at 260.  Nevertheless, at the hearing held on December 14, 2010, the court put the parties on notice that it would convert the Motion to Dismiss to a Motion for Summary Judgment.  (*See* Courtroom Minutes/Minute Order (Doc. # 57)).  Neither party objected at the hearing.  The parties also acknowledged at the hearing that discovery is premature at this stage of the case.

After *Jones v. Bock*, 549 U.S. 199 (2007), "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints" and "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, 484 F.3d 1236, 1240-41 (10th Cir. 2007) (internal quotation marks and citation omitted).  Dismissal under § 1997e(a) for failure to exhaust administrative

remedies therefore cannot usually be made on pleadings without proof.  *See Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007) ("'only in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse'") (quoting *Aquilar-Avellaveda v. Terrell*, 478 F.3d at 1225)).  *See also Buck v. F.D.I.C.*, 75 F.3d 1285, 1288 n. 3 (8th Cir. 1996) ("The standards for dismissing a complaint under Rule 12(b)(6) and the standards for granting summary judgment are substantially different").

The court has not yet evaluated the merits of Defendant's Motion for Summary Judgment.  The Motion was referred to the Magistrate Judge to issue a Recommendation.  The court will issue a Recommendation on the Motion in due course, as promptly as possible.  The law of this District and the Tenth Circuit fully supports the court's conversion of the Motion to Dismiss to a Motion for Summary Judgment, as explained to Mr. Culp on more than one occasion.  The court having reviewed Mr. Culp's Motion regarding the conversion of the Motion to Dismiss to a Motion for Summary Judgment, the entire case file and the applicable law and being sufficiently advised in the premises,

IT IS ORDERED that:

1. Mr. Culp's filing entitled "Reconsideration" (filed February 28, 201) (Doc. # 72) (docketed by the Clerk of the Court as "Motion for Reconsideration re: Motion for Summary Judgment") is DENIED.

2. Defendant Williams' pending Motion to Dismiss, converted to a Motion for Summary Judgment, is more than fully briefed.  Mr. Culp has submitted numerous and

repetitive filings addressing the Motion for Summary Judgment. **The court need not accept any further briefing on the Motion and any further filings regarding the pending Motion may be stricken by the court.**

DATED at Denver, Colorado, this 2nd day of March, 2011.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge