IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00886-CMA-CBS

TERRY CULP,
    Plaintiff,
v.

CAPTAIN D[I]NO WILLIAMS,
CO JOHN DOE (1), and
CO JOHN DOE (2),
    Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on "Defendant's Motion to Dismiss" (Doc. # 38). Pursuant to the Order of Reference dated July 13, 2010 (doc. # 24) and the memorandum dated September 7, 2010 (doc. # 39), this matter was referred to the Magistrate Judge.

    Defendant Williams filed his Motion to Dismiss on September 7, 2010, raising the argument that Mr. Culp failed to exhaust his administrative remedies. (*See* Doc. # 38). Mr. Culp filed his Response to Defendant's Motion to Dismiss on October 1, 2010. (*See* Doc. # 49). Defendant Williams filed his Reply on October 15, 2010. (*See* Doc. # 50). Mr. Culp filed his "Reply" (actually a Surreply) on October 26, 2010. (*See* Doc. # 52). Because both of the parties submitted matters beyond the pleadings, in a hearing held on December 14, 2010, the court notified the parties that it would treat Defendant's Motion "as one for summary judgment and disposed of as provided in Rule 56. . . ." Fed. R. Civ. P. 12(b). *See also Wheeler v. Hurdman*, 825 F.2d 257, 260 (10th Cir.

1

1987) ("when a party submits material beyond the pleadings in support of or opposing a motion to dismiss, the prior action on the part of the parties puts them on notice that the judge may treat the motion as a Rule 56 motion") (citation omitted).

On January 26, 2011, Mr. Culp filed a Notice of Appeal in the United States Court of Appeals for the Tenth Circuit, appealing the non-final order of the Magistrate Judge converting Defendant's Motion to Dismiss to a Motion for Summary Judgment. (*See* Doc. # 60). On February 3, 2011, the Tenth Circuit dismissed Mr. Culp's appeal for lack of appellate jurisdiction because, among other things, "the decision to convert the motion to dismiss to a motion for summary judgment is not a final judgment or otherwise immediately appealable." (*See* Doc. # 65).

On February 9, 2011, Mr. Culp filed his Objection "to Magistrate Judge converting a motion to dismiss to a motion for summary judgment." (*See* Doc. # 68). On February 14, 2011, District Judge Arguello overruled Mr. Culp's objection, stating that because "both parties submitted documents that were outside the four corners of the Complaint, . . . the Magistrate Judge correctly ruled that the Motion to Dismiss should be treated as a Motion for Summary Judgement." (*See* Doc. # 69).

On February 28, 2011, Mr. Culp filed another "Objection" to the Motion for Summary Judgment "on grounds the motion is inappropriate." (*See* Doc. # 71 (docketed by the Clerk of the Court as a further response to the Motion for Summary Judgment)). Also on February 28, 2011, Mr. Culp filed his Motion "for a reconsideration in converting a motion to dismiss to a motion for summary judgment." (*See* Doc. # 72). On March 2, 2011, the court denied Mr. Culp's request for reconsideration. (*See* Doc. # 74). The court explained:

> Generally when documents not attached to the complaint are submitted in regard to a motion to dismiss, the motion to dismiss is converted to a motion for summary judgment. *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997) ("A 12(b)(6) motion must be converted to a motion for summary judgment if 'matters outside the pleading are presented to and not excluded by the court.'"). Typically, if the court decides to convert a Rule 12(b) motion into a Rule 56 motion, it must provide the parties with notice to avoid unfair surprise. *See Nichols v. United States,* 796 F.2d 361, 364 (10th Cir.1986). However, "when a party [references] material beyond the pleadings in support of or opposing a motion to dismiss, the prior action on the part of the parties puts them on notice that the judge may treat the motion as a Rule 56 motion." *Wheeler v. Main Hurdman,* 825 F.2d 257, 260 (10th Cir. 1987) (citation omitted). Because both parties have attached such documents they were already on notice that the court may treat the Motion to Dismiss as a Motion for Summary Judgment even without giving formal notice of conversion. *See Wheeler,* 825 F.2d at 260. Nevertheless, at the hearing held on December 14, 2010, the court put the parties on notice that it would convert the Motion to Dismiss to a Motion for Summary Judgment. (*See* Courtroom Minutes/Minute Order (Doc. # 57)). Neither party objected at the hearing. The parties also acknowledged at the hearing that discovery is premature at this stage of the case.
>
> After *Jones v. Bock*, 549 U.S. 199 (2007), "failure to exhaust is an affirmative defense under the PLRA, . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints," and "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, 484 F.3d 1236, 1240-41 (10th Cir. 2007) (internal quotation marks and citation omitted). Dismissal under § 1997e(a) for failure to exhaust administrative remedies therefore cannot usually be made on pleadings without proof. *See Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007) ("'only in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse'") (quoting *Aquilar-Avellaveda v. Terrell*, 478 F.3d at 1225)). *See also Buck v. F.D.I.C.*, 75 F.3d 1285, 1288 n. 3 (8th Cir. 1996) ("The standards for dismissing a complaint under Rule 12(b)(6) and the standards for granting summary judgment are substantially different").
> . . .
> The law of this District and the Tenth Circuit fully supports the court's conversion of the Motion to Dismiss to a Motion for Summary Judgment, as explained to Mr. Culp on more than one occasion.

(*See* Doc. # 74).

The court has reviewed Defendant's Motion, Mr. Culp's Response (filed October 1, 2010) (doc. # 49), Defendant's Reply (filed October 15, 2010) (doc. # 50), Mr. Culp's additional "Reply" ("Surreply") (filed October 26, 2010), Mr. Culp's "Objection to Motion for Summary Judgment . . ." (filed February 28, 2011) (Doc. # 71) (docketed by the Clerk of the Court as a further response to the motion for Summary Judgment), the pleadings, the evidence in the record, and the applicable law and is sufficiently advised in the premises.

I.   Statement of the Case

Mr. Culp filed his original "Prisoner Complaint" on or about April 12, 2010. (*See* "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C.§ 1915" (Doc. # 1)). At the court's direction (*see* "Order Directing Plaintiff to File Amended Complaint" (Doc. # 14)), Mr. Culp filed his "Amended Prisoner Complaint" ("AC") on June 3, 2010. (*See* Doc. # 16). Pursuant to 42 U.S.C. § 1983, Mr. Culp named as Defendants Warden Susan Jones, Captain Dino Williams, Sergeant Joshua Roberts, Lieutenant Harry Campbell, "CO John Doe (1)," and "CO John Doe (2)." (*See* Doc. # 16). On June 28, 2011, District Judge Arguello issued an Order dismissing Defendants Jones, Roberts, and Campbell "as parties to this action for lack of personal participation," leaving Defendants Williams, John Doe 1, and John Doe 2 as the only parties in the case. (*See* "Order to Dismiss in Part and to Draw Case to a District Judge and to a Magistrate Judge" (Doc. # 20)).

The AC arises out of an incident that occurred on February 13, 2010 at the Colorado State Penitentiary of the Colorado Department of Corrections ("CDOC"),

when, Mr. Culp alleges, Defendants Williams, John Doe 1, and John Doe 2 "participated in, or directed, a cell extraction team that forcibly removed Plaintiff from his cell." (*See* Doc. # 20 at p. 2 of 5). Judge Arguello noted that "Mr. Culp asserts one claim. . . that Defendants used excessive force against him, in violation of his Eighth Amendment right to be free from cruel and unusual punishment" and "that Defendant Williams has threatened him, and retaliated against him, for filing grievances related to the February 13 incident." (*See* Doc. # 20 at p. 2 of 5; *see also* Doc. # 16 at p. 6 of 22 ("De[f]endant D[i]no Williams v[io]lated Plaintiff's Fourteenth/eight[h] Amendment rights by denying due process of the law and to be free from excessive force."); p. 7 of 22 ("De[f]endant Williams v[io]lated Plaintiff's Fourteenth/First Amendment rights by denying due process of federal law, prohibiting redress of grievances;" Defendants John Does 1 and 2 v[io]lated Plaintiff['s] Fourteenth/eight[h] Amendment right by denying due process of law to be free from excessive use of force.")).[1] Mr. Culp seeks compensatory and punitive damages. (*See* Doc. # 16 at p. 12 of 22).

II.     Standard of Review

Summary judgment is proper when there is no genuine issue as to

---

[1] The Eighth Amendment is the primary source of substantive rights of prisoners and, with regard to the rights of convicted prisoners, the legal standards under the Eighth and Fourteenth Amendments generally are congruous. *See Meriwether v. Coughlin*, 879 F.2d 1037, 1047 (2d Cir. 1989) (Eighth Amendment is primary source of convicted prisoners' protection against use of excessive force by prison officials); *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) (where constitutional protection is afforded under specific constitutional provisions, here the Eighth Amendment, alleged violations of the protection should be analyzed under those provisions and not under the more generalized provisions of the Fourteenth Amendment.).

> any material fact and the movant is entitled to judgment as a matter of law. A dispute is "genuine" if the issue could be resolved in favor of either party. A fact is "material" if it might reasonably affect the outcome of the case.
> 
> A movant who does not have the burden of proof at trial must show the absence of a genuine fact issue. By contrast, a movant who bears the burden of proof must submit evidence to establish every essential element of its claim or affirmative defense. In either case, once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. All the evidence must be viewed in the light most favorable to the party opposing the motion. However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence.

*Wausau Business Ins. Co. v. U.S. Motels Management, Inc.*, 341 F. Supp. 2d 1180, 1182-83 (D. Colo. 2004) (citations omitted).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "The *Haines* rule applies to all proceedings involving a pro se litigant, including . . . summary judgment proceedings." *Hall*, 935 F.2d at 1110 n. 3 (citations omitted). However, the court cannot be a pro se litigant's advocate. *Yang v. Archuleta*, 525 F. 3d 925, 927 n. 1 (10th Cir. 2008).

Defendant Williams' Motion raises Mr. Culp's failure to exhaust administrative remedies. After *Jones v. Bock*, 549 U.S. 199, 211 (2007), a failure to exhaust administrative remedies constitutes an affirmative defense which must be pled and proved by defendants. *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). Defendant Williams has moved for summary judgment and submitted evidence pertaining to Mr. Culp's failure to exhaust administrative remedies. As Defendant's

Motion has been properly supported, the burden shifts to Mr. Culp to show, by tendering competent evidence, that summary judgment is not proper.

As the AC has been sworn to under penalty of perjury (*see* Doc. # 16 at p. 12 of 22), the court may treat it as an affidavit. *Green v. Branson*, 108 F.3d 1296, 1301 n. 1 (10th Cir. 1997). Where the court treats a verified complaint as an affidavit, whether a party's affidavit in opposition to summary judgment is "sufficient to create a genuine issue of material fact must be evaluated in light of the principle that conclusory allegations without specific supporting facts have no probative value." *Nichols v. Hurley*, 921 F.2d 1101, 1113 (10th Cir. 1990) (internal quotation marks and citation omitted). *See also Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010) ("[A] verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56(e).") (internal quotation marks and citation omitted). "[T]here may be cases where the sole reliance on a verified complaint would be insufficient to meet a nonmoving party's burden . . . , especially when the allegations contained in the pleading are merely conclusory." *Conaway v. Smith*, 853 F.2d 789, 792-93 (10th Cir. 1988). The court must determine whether Mr. Culp has met his burden of presenting specific facts to overcome Defendant's Motion.

III.     Analysis

The Prison Litigation Reform Act of 1996 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The "PLRA's exhaustion requirement applies to all inmate suits about prison life." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Even where the "available" remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citing *Booth v. Churner*, 532 U.S. 731 (2001) (holding that even where an inmate sought money damages and the grievance process did not permit such awards, exhaustion was required as long as there was authority to take some responsive action), .

The PLRA's requirement that an inmate exhaust all available administrative remedies before initiating suit is mandatory. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."). *See also Jones v. Bock*, 549 U.S. 199, 210-212 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").

Exhaustion must occur before the filing of the lawsuit, not while it is pending. *See Porter*, 534 U.S. at 523-25. *See also Jernigan v. Stuchell*, 304 F.3d 1030, 1032-33 (10th Cir. 2002) ("[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies"); *Perez v. Hudson*, 2009 WL 1922574 * 2 (E.D. Tex. 2009) ("Claims should be dismissed in cases where an inmate filed a lawsuit without waiting for the process to be completed.") (citation omitted). A prisoner does not comply with the exhaustion requirement by exhausting available remedies during the course of litigation. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

The CDOC has a Grievance Procedure available to inmates which entails first a written informal grievance and then a formal three-step written grievance procedure. (*See* CDOC Administrative Regulation ("AR") No. 850-04, Exhibit A-1 to Defendant's Motion (Doc. # 38-1);  Affidavit of Anthony Decesaro, Exhibit A-2 to Defendant's Motion (Doc. # 38-2) at ¶¶ 4-12.).  A court may take judicial notice of agency rules and regulations. *Ray v. Aztec Well Service Co.*, 748 F.2d 888, 889 (10th Cir. 1984). *See also Antonelli v. Ralston*, 609 F.2d 340, 341, n. 1 (8th Cir. 1979) (judicial notice taken of Bureau of Prisons' Program Statement).  CDOC has 45 days to respond to an inmate's Step 3 grievance. (*See* Doc. # 38-2 at ¶ 12).  An inmate has not exhausted his/her administrative remedies until the inmate files a Step 3 grievance and receives a response from the Grievance Officer. (*See id.*).  As a Step 3 Grievance Officer for CDOC, Mr. Decesaro reviewed CDOC records of Mr. Culp's grievances. (*See* Doc. # 38-2 at ¶ 13).  Mr. Culp filed at least four grievances that may be pertinent to this case.

Mr. Culp filed Grievance No. CS09/10-0822 complaining of excessive force by Defendant Williams. (*See* Doc. # 38-2 at ¶¶ 14, 15).  Mr. Culp argues that this claim was properly exhausted.  Mr. Culp filed Step 1 on February 24, 2010, Step 2 on March 23, 2010, and Step 3 on April 13, 2010. (*See id.*;  *see also* Doc. # 38-3).  Mr. Culp commenced this civil action on April 21, 2010, only eight days after he filed his Step 3 grievance and before the 45 day-period for CDOC to respond had passed.  Mr. DeCesaro's response to Mr. Culp's Step 3 Grievance was dated June 17, 2010, fourteen days after Mr. Culp filed his AC. (*See* Doc. # 38-3 at p. 4 of 4).  Mr. Culp must fully exhaust his administrative remedies before filing suit, not before filing any amended complaint.  Merely submitting a Step 3 grievance without allowing the possibility of an

administrative remedy does not constitute exhaustion of administrative remedies.

Mr. Culp argues that he submitted Grievance No. CS09/10-0822 as an "emergency grievance" under an alternate procedure, referring to AR 850-04 III. J. (*See, e.g.,* Doc. # 49 at pp. 3, 9 of 19). While AR 850-04 III. J. does not refer to emergency grievances, Section IV. J. addresses emergency grievance procedures "where there are indications of potential and substantial risk to the life or safety of the offender, or when irreparable harm to the offender's health is imminent." (*See* AR 850-04, Exhibit A-1 to Defendant's Motion (Doc. # 38-1)). However, neither Steps 1, 2, nor 3 of Grievance No. CS09/10-0822 contain any notation of an "emergency grievance." (*See* Doc. # 38-3). Nor did Mr. Culp's grievance regarding a past incident constitute an emergency that indicated potential and substantial risk to his life or safety, or irreparable, imminent harm to his health. If a "grievance is determined to not be an emergency, it shall be routed through normal channels as a Step 1 grievance." (*See* Doc. # 38-1 at p. 7 of 16). The record shows Mr. Culp's recognition that there was no emergency by continuing to pursue his grievance through normal channels with Step 2 and Step 3 grievances. (*See* Doc. # 38-3 at pp. 2-3 of 4). There is no evidence before the court to support Mr. Culp's argument that he filed an "emergency grievance." (*See, e.g.,* Doc. # 38-4 at pp. 4-5 of 6; Doc. # 49 at p. 13 of 19). Further, Mr. Culp concedes that Steps 2 and 3 were not necessary as he received the relief he sought at Step 1, an investigation into the incident. (*See* audio recording of hearing held on December 14, 2010; Doc. # 52 at p. 4 of 5).

Mr. Culp further argues that he properly exhausted by filing an "appeal" on March 17, 2010. (*See* Doc. # 52 at pp. 1-2 of 5; Doc. # 49 at p. 4 of 19). Mr. Culp does not

sufficiently explain or demonstrate how an appeal filed on March 17, 2010 could properly exhaust a Step 2 grievance filed on March 23, 2010 and a Step 3 grievance filed on April 13, 2010.  (*See* Doc. # 38-3 at pp. 2-3 of 4).  The evidence demonstrates that Mr. Culp did not exhaust his administrative remedies as to this claim prior to filing suit.

Mr. Culp filed Grievance No. CS09/10-0955 complaining that Lieutenant Campbell, who is no longer a Defendant in this case, failed to properly submit Grievance No. CS09/10-0822 as an emergency grievance and that Defendant Williams was not the proper person to have provided the response to Mr. Culp's Step 1 grievance in CS09/10-0822.  (*See* Doc. # 38-4; Doc. # 38-2 at ¶¶ 14, 16).  Mr. Culp filed Step 1 on March 23, 2010, Step 2 on April 14, 2010, and Step 3 on May 4, 2010.  (*See* Doc. # 38-4 at pp. 1-3 of 6).  This Grievance does not appear to relate to the claim or Defendants currently in the case.  Further, as Mr. Culp had not yet filed his Step 3 grievance before filing suit, he failed to exhaust administrative remedies as to these issues.  The court also notes that a prison official's "failure to adhere to administrative regulations does not equate to a constitutional violation."  *Hovater v. Robinson*, 1 F.3d 1063, 1068 n. 4 (10th Cir. 1993).  *See also Gaines v. Stenseng*, 292 F.3d 1222, 1225 (10th Cir. 2002) ("To the extent [plaintiff] seeks relief for alleged violations of state statutes and prison regulations, however, he has stated no cognizable claim" for deprivation of a right secured by the Constitution or laws of the United States.) (citations omitted).

Mr. Culp filed Grievance No. CS09/10-1010 complaining that Defendant Williams came to his cell on April 2, 2010 and spoke to him in a loud and intimidating manner.

11

(*See* Doc. # 38-5).  Mr. Culp filed Step 1 on April 2, 2010, Step 2 on April 23, 2010, and Step 3 on May 10, 2010.  (*See id.*; Doc. # 38-2 at ¶ 14).  Mr. Culp has since conceded that this grievance was not properly exhausted and expressed that he is willing to "let [this claim] go." (*See* audio recording of hearing held on December 14, 2010).  As Mr. Culp filed suit before filing his Step 3 grievance, he failed to exhaust administrative remedies on this issue.  Further, "being subjected to nothing more than threats and verbal taunts" does not rise to the level of retaliation or an Eighth Amendment violation. *See McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001) ("acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment") (citation omitted);  *Adkins v. Rodriguez*, 59 F.3d 1034, 1037-38 (10th Cir.1995) (harsh, even threatening language does not amount to a constitutional violation);  *Abeyta v. Chama Valley Independent School Dist. No. 19*, 77 F.3d 1253, 1256 (10th Cir.1996) ( "even extreme verbal abuse is insufficient to establish a constitutional violation");  *Wagner v. Wheeler*, 13 F.3d 86, 92-93 (4th Cir. 1993) (verbal abuse alone does not constitute a deprivation of constitutional rights);  *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993) (noting that verbal abuse is insufficient to serve as the legal basis of a civil rights action);  *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) (verbal threats and harassment "are necessarily excluded from the cruel and unusual punishment inquiry").

Mr. Culp filed Grievance No. CS09/10-1043 complaining of an April 7 interaction with Defendant Williams.  Mr. Culp filed Step 1 on April 9, 2010, Step 2 on May 4, 2010, and Step 3 on May 21, 2010.  (*See* Doc. # 38-2 at ¶¶ 14, 18;  Doc. # 38-6).  Grievances that Mr. Culp filed after initiating this lawsuit do not properly exhaust his administrative

remedies. As Mr. Culp filed the lawsuit before filing his Step 2 or Step 3 grievances, he failed to exhaust administrative remedies as to this claim. Mr. Culp has also conceded that this grievance "was resolved by Lt. Turner . . . by giving me the option in reporting my claims to CIPS . . . which I did." (*See* Doc. # 49 at p. 7 of 19;  *see also* Doc. # 52 at p. 4 of 5; Doc. # 38-6 at pp. 1-3, 5 of 5; audio recording of hearing held on December 14, 2010 (he "was satisfied on a facility level"). Again, threats and verbal taunts do not constitute a violation of Mr. Culp's constitutional rights.

Mr. Culp also submits Grievance No. CS09/10-1146, wherein he complained that Lieutenant Campbell failed to properly submit Grievance No. CS09/10-0822 as an emergency grievance. (*See* Doc. # 49 at pp. 11-14 of 19). Lieutenant Campbell is no longer a Defendant in this case. Further, as Mr. Culp filed all of the Steps of this grievance after filing suit, he failed to exhaust administrative remedies as to this issue. Again, a prison official's failure to adhere to administrative regulations does not equate to a constitutional violation.

Mr. Culp also submits Grievance No. CS09/10-0228, wherein he complains that the medical department did not properly document injuries he received on February 13, 2010. (*See* Doc. # 49 at pp. 15-18 of 19). No one in the medical department is a Defendant in this case. Further, as Mr. Culp filed the Steps 2 and 3 of this grievance after filing suit, he failed to exhaust administrative remedies as to this issue.

Mr. Culp has also previously submitted a Step 2 Grievance No. CS09/10-0981 complaining of unprofessional behavior by an unidentified staff member. (*See* Doc. # 15 at p. 5 of 27). This grievance does not relate to any claim or Defendant in this case and Mr. Culp filed it after he initiated this lawsuit. This grievance does not demonstrate

exhaustion of administrative remedies of the claims in this case.

In sum, Mr. Culp's arguments and evidence do not support the existence of any genuine issue of fact to demonstrate proper exhaustion of administrative remedies for his claims. The record supports the affirmative defense that Mr. Culp did not exhaust his available administrative remedies. For this reason, Defendants Williams, John Doe 1, and John Doe 2 are entitled to summary judgment on Mr. Culp's claims based on his failure to exhaust administrative remedies.[2]

Accordingly, IT IS RECOMMENDED that "Defendant's Motion to Dismiss" (filed September 7, 2010) (Doc. # 38), converted to a motion for summary judgment, be GRANTED and summary judgment be entered on the Amended Complaint (Doc. # 16) in favor of Defendants Williams, John Doe 1, and John Doe 2 and against Plaintiff, with each party to bear his, her or its own costs and attorney fees.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party

---

[2]   As to the John Doe Defendants, there is no provision in the Federal Rules of Civil Procedure for the naming of fictitious or anonymous parties in a lawsuit. *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1388 (10th Cir. 1984); *Coe v. U.S. Dist. Court for Dist. of Colorado*, 676 F.2d 411, 415 (10th Cir. 1982). To the contrary, the Federal Rules provide:
> "[e]very pleading shall contain a caption setting forth the name of the court, the title of the action, the file number, and a designation as in Rule 7(a). In the complaint, the title of the action shall include the names of all the parties . . . ."

Fed. R. Civ. P. 10(a). Anonymous parties are not permitted by the Federal Rules and Mr. Culp has not identified them. Defendants John Doe 1 and John Doe 2 are properly dismissed from this civil action.

may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 6th day of April, 2011.

BY THE COURT:

   s/Craig B. Shaffer
United States Magistrate Judge