IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 10-cv-00886-CMA-CBS

TERRY CULP,

    Plaintiff,

v.

CAPTAIN DENO WILLIAMS,
JOHN DOE (1), and
JOHN DOE (2),

    Defendants.
_____

**ORDER AFFIRMING AND ADOPTING APRIL 6, 2011 RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before the Court on Defendant Captain Deno Williams's Motion to Dismiss (Doc. # 38), which United States Magistrate Judge Craig B. Shaffer converted to a Motion for Summary Judgment during a hearing held before him on December 14, 2010. The Motion was referred to Magistrate Judge Shaffer for a Recommendation by Order of Reference dated September 7, 2010. (Doc. # 39.) On April 6, 2011, the Magistrate Judge issued a Recommendation, recommending that Defendant Captain Deno Williams's Motion be granted and summary judgment be entered on the Amended Complaint (Doc. # 16) in favor of Defendants Williams, on grounds that *pro se* prisoner Plaintiff Terry Culp failed to exhaust his administrative remedies in advance of filing a lawsuit. (Doc. # 76 at 14.) Additionally, Magistrate Judge Shaffer recommended dismissal of Defendants John Doe 1 and John Doe 2, on grounds that "[a]nonymous

parties are not permitted by the Federal Rules and [Plaintiff] has not identified them." (*Id*. at 14, n. 2). Magistrate Judge Shaffer's recommendation is incorporated herein by reference.

## I. STANDARDS OF REVIEW

### A. REVIEW OF A MAGISTRATE JUDGE'S DECISION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir.1996). An objection is timely if made within 14 days after being served a copy of the Recommendation. Fed. R. Civ. P. 72(b)(2). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." 73 F.3d at 1059 (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

### B. PLAINTIFF'S *PRO SE* STATUS

Because Plaintiff is proceeding *pro se,* the Court, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the

plaintiff's *pro se* status does not entitle him to application of different rules. See *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

Plaintiff timely filed his objections on April 19, 2011. (Doc. # 77.) However, Plaintiff largely asserts the same arguments that he presented in opposition to the Motion for Summary Judgment and restates the allegations he set forth in his Amended Complaint and his various grievances, for which he failed to exhaust his administrative remedies. To the extent that Plaintiff has asserted new arguments, they can be identified as follows: (1) Plaintiff stopped pursuing his grievance against Defendant Williams (Grievance No. CS09/10-1043) because he was "scared to death" of Williams's purported retaliatory threats against Plaintiff; (2) Plaintiff was unable to represent himself properly at a December 14, 2010 hearing before Magistrate Judge Shaffer because he suffers from bipolar and post traumatic stress disorder, for which he is not receiving medication; and (3) as a *pro se* prisoner inmate, he should not be held to the same standards of proof as Defendant because he does not "have the ability as the defendants to show documents." (Doc. # 77 at 6, 9-10, 12,14.) For the reasons discussed below, Plaintiff's objections are overruled and the Magistrate Judge's Recommendation is affirmed and adopted.

## II.  ANALYSIS

**A.  WHETHER ALLEGED RETALIATION EXCUSES FAILURE TO EXHAUST**

The Court will first address whether the alleged retaliation excuses Plaintiff's failure to exhaust his administrative remedies. It is well established that prison officials

may not harass or retaliate against an inmate for exercising his right to grieve complaints in the prison or the courts. *See Penrod v. Zavaras,* 94 F.3d 1399, 1404 (10th Cir. 1996). The Tenth Circuit has recognized that "[w]here prison officials prevent or thwart a prisoner from utilizing an administrative remedy, they have rendered that remedy 'unavailable' and a court will deem that procedure 'exhausted.'" *Hoover v. West*, 93 F. App'x 177, 181 (10th Cir. Feb. 19, 2004) (unpublished). It is this Court's obligation to ensure that any defects in the Plaintiff's exhaustion of administrative remedies were not procured as a result of the action or inaction of prison officials. *Aquilar-Avellaveda v. Terrell,* 478 F.3d 1223, 1225 (10th Cir. 2007).

As noted above, Plaintiff avers that he stopped pursuing his grievance against Defendant Williams because he was "scared to death" of Williams's purported retaliatory threats against Plaintiff. (Doc. # 77 at 6, 12.) However, in his Amended Complaint, Plaintiff provides only conclusory and vague allegations that he was threatened with physical harm if he filed any grievances. (*See* Doc. # 16 at 9, ¶ 11 ("On 4-2-10 Defendant William's [sic] came to Plaintiff's cell demanding Plaintiff to get a lawyer [sic] threatening Plaintiff to stop filing kites to man up."); *Id.*, ¶ 13 ("4-7-10 Deffendant [sic] Williams again came to Plaintiff's cell threatening to get Plaintiff for Plaintiff [sic] out cry [sic] for help."); *Id.*, ¶ 15 ("Plaintiff has been harassed [sic] threatened [sic] and shown deliberate indifference to out cry [sic] from pod staff and rank.")). Similarly, in his Objections to the Magistrate Judge's Recommendation, Plaintiff makes vague references to Defendant Williams's purported retaliatory threats.

(*See* Doc. # 77 at 6 ("I defaulted these remaining claims of retaliation because I was scared to death . . . ;" *id.* at 12 ("[S]ince to me the threat by the defendant was ongoing . . . I was worried that he was gonna hurt me[.]")).

Plaintiff's conclusory and vague allegations, standing alone, do not create a genuine issue of material fact that should preclude the entry of summary judgment in Defendants' favor.  *See Thomas v. Bureau of Prisons*, 282 F. App'x 701, 704 (10th Cir. June 24, 2008) (unpublished) (holding that a prisoner's "conclusory and self-serving statements" regarding his inability to follow prison grievance procedures were insufficient to create a genuine issue of material fact); *White v. Tharp*, No. 06-cv-01179, 2008 WL 596156, at *10 (D. Colo. Feb. 29, 2008) (unpublished) (finding that a prisoner's "unsupported conclusory allegations" that prison officials obstructed his attempt to use the administrative process were insufficient to create a genuine issue of material fact); *see also Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995) (explaining that "merely conclusory" affidavits, which do not provide any factual basis for a plaintiff's conclusion, cannot defeat summary judgment); *Wallin v. Dycus*, No. 03-cv-00174, 2009 WL 2490127, at *5 (D. Colo. Aug. 13, 2009) (unpublished) ("In contrast to Plaintiff's objection, he cannot defeat a motion for summary judgment by standing on his own unsupported, self-serving allegations.").

For these reasons, the Court concurs with Magistrate Judge Shaffer's assessment that Plaintiff has failed to exhaust his administrative remedies regarding the conduct set forth in his Amended Complaint, and Plaintiff has failed to establish that

Defendant Williams prevented him from utilizing an administrative remedy. Accordingly, these claims should be dismissed without prejudice. *See Parkhurst v. Pittsburgh Paints, Inc.*, No. 10-8084, 2011 WL 791342, at *4 (10th Cir. Mar. 8, 2011) (unpublished) (affirming district court's dismissal without prejudice of claims due to the plaintiff's failure to exhaust); *Sparks v. Foster*, No. 03-cv-01929, 2006 WL 446081, at * 4-4 (D. Colo. Feb. 21, 2006) (unpublished) (granting summary judgment motion and dismissing without prejudice claims due to failure to exhaust) *aff'd*, 241 F. App'x 467 (10th Cir. 2007).[1]

## B.    DISMISSAL OF DEFENDANTS JOHN DOES 1 AND 2

As noted above, Magistrate Judge Shaffer recommends dismissal of Defendants John Does 1 and 2 on grounds that "[a]nonymous parties are not permitted by the Federal Rules[.]" (Doc. #76 at 14 n. 2). The Court agrees that Defendants John Does 1 and 2 should be dismissed.

As Magistrate Judge Shaffer duly notes, pursuant to Fed. R. Civ. P. 10(a), a caption to a complaint must include the names of all parties. Although the Federal

---

[1] With respect to Plaintiff's purported inability to represent himself, the Court notes that this action has been pending for a year and at no point has Plaintiff sought appointment of counsel or otherwise stated that he is unable to prosecute this action. With respect to Plaintiff's supposed inability to present documents, the Court notes that a plaintiff's *pro se* status does not entitle him to application of different rules, despite the fact that *pro se* parties should be afforded significant leniency in their filings. *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002). Plaintiff is the one who initiated this action and, despite his *pro se* status, Plaintiff has a duty to ensure that his allegations, contentions, and arguments are well-supported, whether with documentation, evidence, or authority. Accordingly, Plaintiff's two other objections to Magistrate Judge Shaffer's April 6, 2011 Recommendation are overruled.

Rules of Civil Procedure do not explicitly allow the naming of fictitious or anonymous parties in a lawsuit, "an action may be dismissed if the defendant is not sufficiently identified to permit service of process." *Stratton v. City of Boston*, 731 F.Supp. 42, 45 (D. Mass. 1989); *see also* 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 10.02[2][d] at 10-16 (3d ed. 2010) ("The court will not permit use of the 'Doe' designation for a defendant if the plaintiff's ignorance of the defendant's true identity is the result of willful ignorance or lack of reasonable inquiry. If reasonable inquiry would have revealed the true identity, a pleading naming John Doe defendants will be dismissed.").

In the instant case, Plaintiff first filed this action and named John Does 1 and 2 as Defendants on April 21, 2010. (Doc. # 3.) More than a year has passed since this case's inception. The Court can think of no good reason as to why Plaintiff has been unable to obtain the true identity of these unnamed Defendants. Additionally, Plaintiff's allegations against these Defendants are vague and fail to meet the pleading standards under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). (*See* Doc. # 16 at 10, ¶ 1 ("Defendant John Doe (1) was officer giving orders on cell extraction [t]eam and who violated DOC use of force policys [sic] and peper [sic] sprey [sic] policy"); *Id.*, ¶ 2 ("Defendant John Doe (2) was officer in control of chemical agent and who violated DOC peper [sic] sprey [sic] policy's [sic]")). Moreover, Plaintiff does not appear to have exhausted his administrative remedies with respect to these claims. (*See* Docs. ## 38-2 through 38-6).

Accordingly, the Court concurs with Magistrate Judge Shaffer that Plaintiff's claims against John Does 1 and 2 should be dismissed without prejudice.

### III. **CONCLUSION**

Accordingly, IT IS ORDERED THAT:

(1) The April 6, 2011 Recommendation of United States Magistrate Judge Craig B. Shaffer (Doc. # 76) is AFFIRMED and ADOPTED;

(2) Defendant Deno Williams's Motion to Dismiss, which was converted to a Motion for Summary Judgment, (Doc. # 38) is GRANTED on failure to exhaust grounds;

(3) Plaintiff's claims against Defendant Deno Williams are dismissed without prejudice for failure to exhaust.

(4) Plaintiff's claims against CO John Does 1 and 2 are dismissed without prejudice due to Plaintiff's failure to identify properly these Defendants and to exhaust his administrative remedies in connection with these claims; and

(5) This action is DISMISSED WITHOUT PREJUDICE.

DATED: April __27__, 2011

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge