**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-00886-CMA-CBS

TERRY CULP,

      Plaintiff,

v.

CAPTAIN DENO WILLIAMS,
JOHN DOE (1), and
JOHN DOE (2),

      Defendants.

---

**ORDER DENYING MOTION TO AMEND COMPLAINT**

---

      This matter is before the Court on Motion to Amend Complaint (Doc. # 82), filed by *pro se* prisoner Plaintiff Terry Culp, on May 5, 2011.  For the following reasons, the Motion is DENIED.

## I.  <u>BACKGROUND</u>[1]

      On April 27, 2011, the Court issued an Order Affirming and Adopting April 6, 2011 Recommendation of United States Magistrate Judge.  (Doc. # 78.)  In pertinent part, the Court agreed with Magistrate Judge Craig B. Shaffer's assessment that Plaintiff failed to exhaust his administrative remedies in advance of filing a lawsuit.

---

[1]   A more detailed recitation of the facts is set forth in the April 6, 2011 Recommendation of United States Magistrate Judge Craig B. Shaffer (Doc. # 76), which was incorporated by reference into the Court's April 27, 2011 Order.

(*Id.* at 5-6.)  The Court considered and rejected Plaintiff's contention that his failure to exhaust should be excused because he faced threats of retaliation from Defendants. (*Id.* at 3-4.)  In particular, the Court found that Plaintiff's conclusory and vague allegations of retaliatory threats, standing alone, did not create a genuine issue of material fact that should preclude the entry of summary judgment in Defendants' favor. (*Id.* at 5.)

Additionally, the Court concurred with Magistrate Judge Shaffer's finding that dismissal of Defendants John Does 1 and 2 was warranted; specifically, the Court stated, "[m]ore than a year has passed since this case's inception.  The Court can think of no good reason as to why Plaintiff has been unable to obtain the true identity of these unnamed Defendants."  (*Id.* at 7.)  The Court also determined that dismissal was warranted because Plaintiff's allegations against these defendants was vague, and Plaintiff did not appear to have exhausted his administrative remedies with respect to these claims.  (*Id.*)

On May 5, 2011, Plaintiff filed the instant Motion to Amend Complaint.  (Doc. # 82.)  In support of his Motion, Plaintiff states that he needs "to clarify pleading and move over exhibits and pleading of exhaustion from the original complaint to the [a]mended complaint."  (*Id.*, ¶ 1.)  With respect to Defendants John Does 1 and 2, Plaintiff states that he "did not know [he] had to [p]lead specifics in such a [sic] early stage . . . however, [he] did request these officer's names in [a] subpoena."  (*Id.*, ¶ 2.)  Although Plaintiff's pleading is styled as a "Motion to Amend Complaint," the Court will

2

construe his pleading as a motion to reconsider the Court's April 27, 2011 Order dismissing without prejudice Plaintiff's claims against Defendants for failure to exhaust his administrative remedies and to reopen his case.

## II.  <u>STANDARD OF REVIEW</u>

A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider Plaintiff's Motion pursuant to Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered in this action on April 29, 2011.  *See Van Skiver*, 952 F.2d at 1243.

Three major grounds that justify reconsideration are (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate where the court has misapprehended the fact, a party's position, or the controlling law.  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

## III.  ANALYSIS

Upon consideration of Plaintiff's Motion, the Court's April 27 Order, Magistrate Judge Shaffer's April 6, 2010 Recommendation, the original complaint and exhibits, and the amended complaint and exhibits, the Court concludes that Plaintiff has failed to demonstrate some reason why the Court should alter or amend the April 27 Order that dismissed without prejudice Plaintiff's claims.  Neither the exhibits attached to the original complaint nor the exhibits attached to the amended complaint demonstrate that Plaintiff has exhausted his administrative remedies.  Additionally, the fact remains that Plaintiff still has not identified Defendants John Does 1 and 2, despite the fact that this case has been pending for more than a year.  Accordingly, the Court finds that alteration or amendment of the April 27 Order is not warranted and allowing Plaintiff an opportunity to file a second amended complaint would be futile.

## IV.  CONCLUSION

Accordingly, for the foregoing reasons, IT IS ORDERED THAT Plaintiff's Motion to Amend Complaint (Doc. # 82), which the Court has construed as a Motion to Reconsider, filed pursuant to Fed. R. Civ. P. 59(e), is DENIED.

DATED:  May   19  , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

4